UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-CR-102-CVE-8 |
| V. | ) |
| | ) |
| KELLY WAYNE BRYAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court conducted a hearing on defendant's motion to reopen detention hearing under 18 U.S.C. § 3142(f) (Doc. 261). Plaintiff did not oppose the defendant's request for a detention hearing, but opposed release. The Court considered the Third Superseding Indictment, the Pretrial Services Report, all information proffered by the parties and their arguments at the hearing, and found that detention remains warranted. Defendant previously waived his initial detention hearing and was detained. (Doc. 132).

**I.   Applicable Standard**

The applicable statute governing the defendant's motion to reopen detention hearing, 18 U.S.C. § 3142(f), provides as follows:

> The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community.

"[R]econsideration [of a release or detention order] is permissible under this section only when there is new information that would materially influence the judgment about whether

there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

## II. Defendant's Proffered New Information

As "new" information that was not known to defendant at the time of his initial detention, defendant proffered that his father died in April, his 76-year-old mother is in declining health, and his brother works long hours so has difficulty caring for her. For this reason, defendant asserts that he should be released to return to Missouri to care for his mother.

The defendant's mother's situation, while difficult and troubling to defendant, does not alone have "a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Accordingly, the Court found that defendant's motion to reopen or reconsider detention should be denied. However, the Court considered further information proffered by the plaintiff and defendant with respect to issues of detention and conducted a full detention analysis in arriving at the decision on the motion, as set forth below.

## III. Continued Detention Is Required

### A. The § 3142(e)(3) Presumption Applies

There is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community because, by virtue of the Third Superseding Indictment (Doc. 155), there

is probable cause to believe that the defendant committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). Specifically, defendant is charged in Count Four with violating 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), which is a type of offense to which the § 3142(e)(3) presumption applies.

Once the presumption is determined to be applicable, the defendant must produce some information to rebut it, or detention is warranted. According to the Tenth Circuit,

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced.

*United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991). Thus, the defendant must produce some information as to flight risk and danger to the community, but the overall burden of proof remains with the plaintiff in the detention analysis. *See id.*

Defendant proffered new information regarding his mother's condition and needs, and he proposed that he would return to Missouri to assist in her care. The Court finds that such proffer is insufficient information to rebut the presumption here. His mother's condition does not have any bearing on *defendant's* risk of nonappearance or the danger posed to others by the risk that he would continue drug trafficking activities.

B.   **Section 3142(g) Analysis**

Alternatively, even had defendant rebutted the presumption, considering the presumption as a factor along with the § 3142(g) factors, the Court finds that continued detention is required, because the plaintiff established (1) by clear and convincing evidence

3

that there are no conditions of release that will reasonably assure the safety of others and (2) by a preponderance of the evidence that no conditions will reasonably assure his appearance as required.

### 1. Nature and Circumstances of the Charged Offense

Count Four of the Third Superseding Indictment charges defendant with participating in a drug conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing detectable methamphetamine and to distribute the same, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). (Doc. 155 at 16). The plaintiff alleges that defendant was responsible for drug distribution in pound-quantities of methamphetamine in Northeastern Oklahoma. A conviction on Count Four would carry a sentence of not less than ten years and up to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).

### 2. Weight of the Evidence

The weight of the evidence against the defendant appears to be substantial. The plaintiff proffered information that at least five cooperators will testify that defendant possessed and conspired to distribute trafficking quantities of methamphetamine and distributed methamphetamine in the Grove, Oklahoma area.

### 3. Defendant's History and Characteristics

According to the Pretrial Services Report, defendant declined to be interviewed for purposes of the report, such that the United States Probation Office and the Court have no information regarding his prior address or his current specific proposed address where he would live, nor does the Court have any information as to defendant's employment history,

travel history, any positive family or community ties to this District, his passport status, physical and mental health, or his substance abuse history or treatment history. The defendant's proffer did not fill in those details, except to indicate that defendant would propose to return to Carl Junction, Missouri to care for his mother and submitted that the Court could impose release on condition of electronic monitoring. Defendant also proffered that, while he has not acknowledged a substance abuse problem, his criminal history is heavily related to controlled substances such that substance abuse treatment could be considered as a release condition. The Court does not find that to indicate that release on a condition of substance abuse treatment would reasonably assure appearance or safety of this defendant, especially where defendant supplied no information that indicates he needs or wants such treatment, and he provided no information regarding any prior substance abuse treatment such that the Court could determine whether there is any likelihood that he would abide by such condition or successfully complete such treatment.

The information that is available about defendant's history and characteristics – principally his criminal history – strongly supports the Court's findings that there are no conditions of release that will reasonably assure the defendant's appearance as required and the safety of others. The defendant's criminal record reflects a nearly-continuous history of numerous drug trafficking convictions over the last 20 years. Specifically, defendant had controlled substance possession convictions in 2000, 2004, 2006, 2010, and 2019 and drug distribution / delivery / manufacturing-related controlled substance convictions in 2013, 2015, and 2016. The time-frame of drug trafficking alleged and

charged in Count Four of the Third Superseding Indictment is "as early as in or about September 2018 and continuing until in or about March 2021." (Doc. 155 at 16).

Defendant's prior history on probation also reflects that he is not amenable to supervision and is highly unlikely to abide by conditions of release. Specifically, his criminal history establishes numerous times in the last ten years in which defendant has absconded supervision while on probation, had his probation revoked, failed to comply with conditions of supervision while released following convictions for controlled substance offenses, and engaged in new criminal activity while on probation. (*See* Pretrial Services Report). Defendant's criminal history reflects failures to appear, citations for violating court orders, and failures to abide by release conditions, as well as the use of an alias. Based on his criminal history and history of violating terms of supervision, there are no conditions of release that will reasonably assure the defendant's appearance and the safety of the community.

### 4. Nature and Seriousness of the Danger Posed by Release

The Tenth Circuit has recognized that, in legislating pretrial detention under § 3142(e), Congress's "concern about safety is to be given a broader construction than the mere danger of physical violence" and that "[s]afety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.'" *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (citations omitted). When explaining the concept of the statutory pretrial detention scheme, the Senate Committee on the Judiciary "emphasized that 'the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" *Id*.

(citations omitted). In light of defendant's significant criminal history of controlled substance possession and trafficking convictions, combined with the instant serious drug trafficking charge in this case, the Court finds that defendant's release would pose a significant danger of continuing drug trafficking activity and thus a danger to the safety of the community. *See id.*

### IV. Conclusion

The Court finds that the new information proffered by defendant (*see* § II above) does not materially bear on whether there are conditions of release that will reasonably assure his appearance and the safety of the community. As a result, the defendant's Motion (Doc. 261) is **denied**. Defendant's proffer also did not rebut the presumption applicable under § 3142(e)(3), and detention is in any event warranted when considering the presumption as a factor along with the other § 3142(g) factors. There are simply no conditions of release that will reasonably assure defendant's appearance and the safety of others, such that defendant must continue to be detained pending trial, which is currently set to commence next month.

IT IS SO ORDERED this 16th day of June, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge